UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

**JESSIE J. BARNES,**

                              **Plaintiff,**

                      -v-                                     **9:11-CV-583 (NAM/DEP)**

**BRIAN FISCHER; JOHN NUTTALL; C. MORRIS;
UNKNOWN LEMOND, Religious Services Program;
STEVEN BULLIS; DAVID A. ROCK; UNKNOWN
UHLER; UNKNOWN KELSH; E. GOKEY; T. ALLEN;
M. RICHARDSON; S. GARRISON; A. GRAVLIN;
UNKNOWN HAWK; MELISSA COOK; DAVID
MATTOON; R. CARON; R. LORDI; and ALBERT
PRACK,**

                              **Defendants.**

✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦✦

APPEARANCES:

JESSIE J. BARNES
09-B-2707
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*

HON. ERIC T. SCHNEIDERMAN, Attorney General of the State of New York
GREGORY J. RODRIGUEZ, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

### MEMORANDUM-DECISION AND ORDER

### INTRODUCTION

    Plaintiff, an inmate in the custody of the New York State Department of Corrections and

Community Supervision ("DOCCS"), brought this action under 42 U.S.C. § 1983 for declaratory

and injunctive relief and compensatory and punitive damages.  Defendants' motion (Dkt. No. 111) for summary judgment dismissing the action was referred to United States Magistrate Judge David E. Peebles pursuant to 28 U.S.C. § 636(b)(1)(B) and Local Rule 72.3(c).  Magistrate Judge Peebles issued a Report and Recommendation (Dkt. No. 165) recommending summary judgment dismissing all claims against all defendants, with the exception of plaintiff's claims against A. Gravlin, S. Garrison, and M. Richardson for excessive force, and against T. Allen for failure to intervene, stemming from an incident occurring on October 12, 2010.  Magistrate Judge Peebles also ordered plaintiff to show cause why all claims against Albert Prack should not be dismissed.

Plaintiff has interposed an objection (Dkt. No. 170).  Pursuant to 28 U.S.C. § 636(b)(1)(C), this Court reviews *de novo* those parts of a report and recommendation to which a party specifically objects.  Failure to object to any portion of a report and recommendation waives further judicial review of the matters therein.  *See Roldan v. Racette,* 984 F.2d 85, 89 (2d Cir. 1993).  The Court resolves the issues as set forth below.

## DISCUSSION

The Court adopts Magistrate Judge Peebles' summary of the facts, procedural history, and applicable law.  The Court does not repeat them here.

In his objection (Dkt. No. 170), plaintiff objects to Magistrate Judge Peebles' decision to construe plaintiff's submissions at Docket Numbers 153, 154, and 161 as his response to the pending summary judgment motion (*see* Report and Recommendation, Dkt. No. 165, p.3, n.1; Text Order of August 8, 2012, Dkt. No. 159).  As a result of this determination, Magistrate Judge Peebles and this Court have considered plaintiff's submissions on this motion.  Plaintiff has suffered no prejudice from Magistrate Judge Peebles' exercise of discretion in handling this non-

dispositive matter, and Magistrate Judge Peebles' ruling is not "clearly erroneous or contrary to law." 28 U.S.C. § 636(b)(1)(A); Fed.R.Civ.P. 72(a). This aspect of plaintiff's objection lacks merit.

Plaintiff's objection primarily focuses on Magistrate Judge Peebles' recommendation to dismiss plaintiff's retaliation claims against Gravlin and Gokey. As the Second Circuit explains:

> To establish a prima facie case of First Amendment retaliation, [a plaintiff] must demonstrate: (1) that the speech or conduct at issue was protected, (2) that the defendant took adverse action against the plaintiff, and (3) that there was a causal connection between the protected speech and the adverse action. Only retaliatory conduct that would deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights constitutes an adverse action for a claim of retaliation. Notably, we approach prisoner retaliation claims with skepticism and particular care, because virtually any adverse action taken against a prisoner by a prison official – even those otherwise not rising to the level of a constitutional violation – can be characterized as a constitutionally proscribed retaliatory act.

*Dorsey v. Fisher*, 468 Fed.Appx. 25, 27 (2d Cir. 2012) (citations and quotation marks omitted).

Plaintiff claims that Gravlin's conduct on August 21, 2010 and October 12, 2010 was motivated by retaliation against plaintiff for having previously filed a grievance against Gravlin. The Report and Recommendation states as follows:

> Plaintiff's allegations that defendant Gravlin tampered with his food on August 21, 2010, and used force against him on October 12, 2010 out of retaliation for plaintiff's filing of grievances, are sufficient to satisfy the first requirement of a retaliation analysis. It is well-settled that filing a grievance is constitutionally protected conduct. Even assuming, without deciding, that defendant Gravlin's conduct, as alleged, satisfies the second, adverse action, requirement, there is insufficient record evidence to give rise to a dispute of fact as it relates to the third, causation, element. There is no record evidence that plaintiff filed a grievance against defendant Gravlin prior to August 21, 2010, or that, assuming plaintiff did file any, defendant Gravlin knew about them. For that reason, plaintiff's allegation that defendant Gravlin tampered with his food out of retaliation for plaintiff's filing of grievances must be dismissed. Similarly, although the record demonstrates that plaintiff filed grievances related to the food-tampering incident on August 21, 2010, aside

-3-

from plaintiff's conclusory allegation, there is nothing in the record that suggests defendant Gravlin used the force he applied on plaintiff on October 12, 2010 because of those grievances.

(Dkt. No. 165, pp. 45-46) (citations omitted). In his objection, plaintiff points to a grievance he filed against Gravlin (and others) prior to August 21, 2010, specifically, Grievance UST-43498-10 dated August 3, 2010, filed on August 18, 2010. Grievance UST-43498-10 is not cited in plaintiff's complaint, and defendants do not address it in their summary judgment motion. Grievance UST-43498-10 and related documents are first introduced into this record as Exhibit 3 to plaintiff's opposition to the summary judgment motion (Dkt. No. 154). Defendants knew about this grievance because plaintiff testified about it in his September 27, 2012 deposition in the instant case (Dkt. No. 111-3, pp. 20-23, 35-36).[1] Under the circumstances, the Court determines to treat Grievance UST-43498-10 as part of the record on this motion.

There is no evidence regarding whether Gravlin was aware of Grievance UST-43498-10 three days after its filing, when the events of August 21, 2010 took place. In any event, Gravlin's alleged conduct on August 21, 2010 – giving plaintiff a meal tray with crumbled cookies on it and sticking his finger into the grapefruit – is too trivial to constitute an adverse action such as would "deter a similarly situated individual of ordinary firmness from exercising his or her constitutional rights." *Dorsey*, 468 Fed.Appx. at 27. As such, plaintiff fails to state a claim that Gravlin's conduct on August 21, 2010 was retaliatory.[2]

---

[1] The Court cites to the page numbers assigned by the ECF system.

[2] On August 22, 2010, Gravlin filed a misbehavior report concerning the August 21, 2010 incident, charging plaintiff with refusing a direct order and improper use of a mess-hall utensil, based on plaintiff's refusal to return his meal tray. Plaintiff's objection to the Report and Recommendation does not clearly raise the claim that Gravlin's August 22, 2010 misbehavior report was retaliatory. In any event, in his September 27, 2012 deposition, plaintiff admits that he refused to remove his hands from the hatch when ordered to do so by Gravlin, thus preventing Gravlin from removing the tray from the hatch

Plaintiff also contends that Grievance UST-43498-10 supports a claim that Gravlin's conduct on October 12, 2010 was retaliatory.[3] The Court agrees. The record shows that Gravlin submitted a written response dated August 29, 2010 to Grievance UST-43498-10; thus, he knew of the grievance no later than that date. Although it is a close question, the Court finds sufficient evidence of a causal connection between plaintiff's filing of the grievance and Gravlin's alleged use of excessive force on October 12, 2010. The Court bases this finding on plaintiff's deposition testimony, the fact that Gravlin knew of the grievance no later than August 29, 2010, and the temporal proximity between August 29, 2010 and October 12, 2010 (45 days). Gravlin's alleged use of excessive force on October 12, 2010 is sufficiently serious to deter an inmate of ordinary firmness from exercising his constitutional rights, and thus constitutes an adverse action. Accordingly, plaintiff has alleged facts supporting the claim that on October 12, 2010, Gravlin used excessive force in retaliation for plaintiff's filing on August 18, 2010 of Grievance UST-43498-10, of which Gravlin received notice no later than August 29, 2010.[4]

Regarding the claim that defendant Gokey's conduct on August 21, 2010 was retaliatory, it appears from the record that Gokey had knowledge of Grievance UST-43498-10 no later than

---

(Dkt. No. 111-3, pp. 30-33, 40-41). Therefore, by plaintiff's own admission, the misbehavior report was not false. Inasmuch as there was a proper non-retaliatory basis for the misbehavior report, a claim that Gravlin's August 22, 2010 misbehavior report was retaliatory lacks merit as a matter of law.

[3] In his objection to the Report and Recommendation, plaintiff does not cite to any grievances he filed against Gravlin other than Grievance UST-43498-10 in support of his retaliation claims. Therefore, he has waived further judicial review of any such issue.

[4] The allegations set forth in Grievance UST-43498-10 are not in issue in the instant case, nor is it relevant whether or not the grievance had merit. Plaintiff may introduce at trial the facts that he filed Grievance UST-43498-10 on August 18, 2010, and that Gravlin learned of it no later than August 29, 2010. These facts are relevant solely as support for plaintiff's contention that Gravlin's actions on October 12, 2010 were prompted by a motive to retaliate against plaintiff for having filed Grievance UST-43498-10.

August 21, 2010.  As Magistrate Judge Peebles finds, however, Gokey's alleged refusal to replace the August 21, 2010 meal does not constitute an adverse action.  This Court agrees with Magistrate Judge Peebles' recommendation to grant summary judgment dismissing the retaliation claim against Gokey stemming from the events of August 21, 2010.  This claim as well as all other claims against Gokey are dismissed in accordance with the Report and Recommendation.

Plaintiff raises no other objections to the Report and Recommendation.  Therefore, he has waived further judicial review of all other matters therein.

The Report and Recommendation further ordered that plaintiff show cause, in writing within 14 days, why defendant Albert Prack should not be dismissed for failure to serve him with process.  Prack was not named in the caption of the complaint, but the body of the complaint set forth allegations against him.  Magistrate Judge Peebles issued an order on May 18, 2012 (Dkt. No. 80) directing that the docket be revised to add Albert Prack as a defendant.  Although a summons was issued as to Prack on the same day (Dkt. No. 81), it was returned to the court unexecuted (Dkt. No. 91).  Plaintiff has not responded to this order to show cause.  All claims against Albert Prack are dismissed.

## CONCLUSION

It is therefore

ORDERED that defendants' motion for summary judgment dismissing the action (Dkt. No. 111) is granted in part and denied in part; and it is further

ORDERED that the Report and Recommendation (Dkt. No. 165) is rejected insofar as it recommends summary judgment dismissing plaintiff's retaliation claim against defendant A. Gravlin based on the October 12, 2010 incident, and is otherwise accepted in all respects; and it is

further

ORDERED that the case shall proceed against defendants A. Gravlin, S. Garrison, M. Richardson, and T. Allen, on the following causes of action stemming from the incident occurring on October 12, 2010: excessive force against defendants A. Gravlin, S. Garrison, and M. Richardson; retaliation against A. Gravlin (limited to plaintiff's claim that Gravlin used excessive force against him on October 12, 2010 in retaliation for plaintiff's filing of Grievance UST-43498-10); and failure to intervene against T. Allen; and all other claims against all other defendants are dismissed with prejudice, except that all claims against Albert Prack are dismissed without prejudice; and it is further

ORDERED that the case is trial-ready; trial counsel will be appointed for plaintiff; and a trial date will be set; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date:  January 16, 2014
       Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge