**UNITED STATES DISTRICT COURT**
**NORTHERN DISTRICT OF NEW YORK**

---

JESSIE J. BARNES,

                Plaintiff,

    v.                                          No. 11-CV-583
                                                  (NAM/DEP)

BRIAN FISCHER, et al.,

                Defendants.

---

**APPEARANCES:**                         **OF COUNSEL:**

Jessie J. Barnes
Plaintiff Pro se
Upstate Correctional Facility
209 Barehill Road, P.O. Box 2000
Malone, New York 12953

HON. ERIC T. SCHNEIDERMAN        BRUCE J. BOIVIN, ESQ.[1]
Attorney General for the                Assistant Attorney General
  State of New York
Attorney for Defendant
The Capitol
Albany, New York 12224-0341

**CHRISTIAN F. HUMMEL**[2]
**U.S. MAGISTRATE JUDGE**

## REPORT-RECOMMENDATION AND ORDER

    Plaintiff pro se Jessie J. Barnes moves, pursuant to Federal Rule of Civil Procedure

---

    [1] Assistant Attorney General Bruce J. Boivin handled the settlement; however, Assistant Attorney General Gregory J. Rodriguez is the attorney assigned to all other aspects of this case.

    [2] This matter was referred to the undersigned for report and recommendation pursuant to 28 U.S.C. § 636(b) and N.D.N.Y.L.R. 72.3(c). Because of the undersigned's role as the mediator in the settlement hearing, U.S. District Court Judge Glenn T. Suddaby, who manages the NYND Prisoner Mediation Program, directed that the undersigned address Barnes's motion in this Report-Recommendation.

52 (b) to modify or, in the alternative, vacate the Stipulation and Order of Discontinuance ("Stipulation") entered into with defendants' counsel on July 18, 2014. See Dkt. Nos. 183, 184, 187, 188, 190, 191; see also Stipulation (Dkt. No. 182).[3] Defendants oppose this motion. Dkt. No. 186; Dkt. No. 187. Barnes timely filed a reply to defendants' opposition. Dkt. No. 195.

## I. Background

Pursuant to an order of District Court Judge Gary L. Sharpe dated June 24, 2014 referring this case to the Prisoner Mediation Program, Barnes participated in mediation with counsel for defendants and the undersigned acting as mediator. See Dkt. No. 176 (Mediation Program Order); Dkt. No. 177 (Writ of Habeas Corpus). The parties appeared for a settlement conference on July 18, 2014. After several hours of negotiation, the parties agreed to settle the case pursuant to Rule 41(A) and signed the Stipulation, which was filed with the Court on July 21, 2014. Dkt. No. 182. For the reasons that follow, it is recommended that Barnes's motions to vacate or modify the Stipulation be denied.

## II. Discussion[4]

Barnes contends that the Stipulation should be modified because, during mediation, both the undersigned and defendants' counsel failed to "mention or suggest [that] this

---

[3] Barnes contends that he moves to modify pursuant to Fed. R. Civ .P. 52(b) and 59(e) to "alter or amend a judgment" and 18 USC § 3636 (c)(2) to annul or void the Stipulation. Dkt. No. 184, at 1; Dkt. No. 188, at 1-2. However, there was no entry of judgment and the Court made no findings with the entry of the Stipulation. Construing Barnes's pro se motion liberally, as the Court must, and interpreting it to raise the strongest arguments it suggests, the motion will be construed as being made pursuant to Fed. R. Civ .P. 60(b).

[4] All unpublished decisions cited in this Report-Recommendation are, unless otherwise noted, attached herein.

2

stipulation will extend [to] include other facilities moreless [sic] so in another district of New York." Dkt. No. 184, at 5. Further, Barnes contends that, "as a layman[, he] did not knowingly and voluntarily agree to such trickery application as set forth in the [s]tipulation." Id. Specifically, Barnes indicates that he was unaware that paragraph 5(4) – "plaintiff agrees not to commence any lawsuit in any court, state or federal, related to any cause of action against any DOCCS employee, DOCCS, or the State of New York, which plaintiff believes has accrued prior to the execution of this Stipulation" (Dkt. No. 182, at 4) – precluded him from commencing actions that arose from his incarceration in prisons outside of Upstate Correctional Facility ("Upstate") or the Northern District of New York ("NDNY"). Dkt. No. 191, at 4-5. Barnes contends that because the cases that formed the basis of the settlement agreement originated at Upstate in the NDNY, his agreement to settle these cases is "unrelated an [sic] have of no force and effect to occurrences at Five Points Correctional Facility in [the] jurisdiction of [the] Western District of New York and cannot be legally enforced . . . ." Id. at 3. He contends that paragraph 5(4) of the Stipulation is "broader and different apart from discussion of [the] mediation agreement . . . ." rendering it "ambiguous null and void" and thus, it "must be vacated in toto." Id. Finally, Barnes suggests that he faced duress because that the undersigned

> was rushing plaintiff to sign [the] stipulation because the proceedings of mediation hearing negotiations had spilled over to later parts of [the] afternoon and your honor had a wedding scheduled for 6:30 p.m. and had to leave on or before 3:30 p.m. to attend . . . .adding pressure duress of and urgency for plaintiff to sign [the] July 18, 2014 settlement stipulation.

Id. at 4.

A. **Legal Standard**

3

Fed. R. Civ .P. 60(b) allows for a mechanism by which a court may relieve a party from a final judgment or order. It provides in relevant part:

> [o]n motion and just terms, the court may relieve a party or legal representative from a final judgment, order, or proceeding for the following reasons: . . . (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party; . . . or (6) any other reason that justifies relief.

FED. R. CIV. P. 60(b). A motion seeking relief from a final order must be made within a "reasonable time," and, in the case of fraud, no more than one year after entry of judgment. Id. at 60(c). "A motion for relief from judgment is generally not favored and is properly granted only after a showing of exceptional circumstances." United States v. Int'l Bhd. of Teamsters, 247 F.3d 370, 391 (2d Cir. 2001) (citations omitted).

Where the terms of a settlement agreement are unambiguous, "courts must take care not to alter or go beyond the express terms of the agreement, or to impose obligations on the parties that are not mandated by the unambiguous terms of the agreement itself." Red Ball Interior Demolition Corp. v. Palmadessa, 173 F.3d 481, 484 (2d Cir. 1999) ("Settlement agreements are contracts and therefore must be construed according to general principles of contract law") (citations omitted). Thus,

> [a] court may vacate a stipulation of settlement only upon a showing of good cause, such as fraud, collusion, mistake, duress, lack of capacity, or where the agreement is unconscionable, contrary to public policy, or so ambiguous that it indicates by its terms that the parties did not reach agreement.

Rispler v. Spitz, 377 Fed. Appx. 111, 112 (2d Cir. 2010). However, "buyer's remorse" is insufficient to vacate a stipulation of settlement, even where the party is a pro se litigant. Curry v. New York City Police Dep't., 726 F.Supp. 2d 273, 275 (S.D.N.Y. 2010) (citing inter alia United States v. Bank of New York, 14 F.3d 756, 760 (2d Cir. 1994)).

B. **Rule 60(b)(3)**

Here, Barnes seeks to modify the stipulation by narrowing section 5(4) to actions relating to the NDNY and his incarceration at Upstate. Alternatively, he seeks to vacate the entire Stipulation and restore the matter to the Court's calendar. Dkt. 184, at 4. He argues that modification or vacatur is necessary because (1) defendants' counsel and the undersigned materially misrepresented the terms of the Stipulation; and (2) the current language of section 5(4) is overbroad, ambiguous, and in excess of this Court's jurisdiction. Id.

"To prevail on a Rule 60(b)(3) motion, a movant must show that the conduct complained of prevented the moving party from fully and fairly presenting his case." State Street Bank & Trust Co. v. Inversiones Errazuriz Limitada, 374 F.3d 158, 176 (2d Cir.2004) (quotations and citations omitted). "Conclusory allegations of fraud alone are not sufficient to overcome [a] plaintiff's Rule 60(b)(3) burden to specifically show misrepresentation, fraud, or misconduct by clear and convincing evidence." Jordan v. Verizon Corp., No. 02-CV-10133 (GBD), 2007 WL 4591924, at *4 (S.D.N.Y. Dec. 27, 2007).

Here, Barnes makes general allegations that the undersigned and defendants' counsel engaged in "trickery," failed to explain the details of the Stipulation, and "[took] advantage of" him. Dkt. No. 184, at 5, 13-14. Although this Court does not have the benefit of a transcript or recording of the July 18 settlement conference, review of the record reveals no evidence to support Barnes's claim that either the undersigned or defendants' counsel engaged in any behavior that would rise to the level of fraud. Barnes suggests that defendants' counsel and the undersigned misrepresented the terms of the Stipulation because he never intended to release his right to pursue claims arising out of his

5

incarceration at Five Points Correctional Facility. However, the unambiguous nature of the Stipulation belies Barnes's claim. The plain language of the Stipulation does not suggest that Barnes intended to waive his right to bring lawsuits only for claims arising out of his incarceration at Upstate, rather it indicates that Barnes was unequivocally waiving his right to commence "any law suit in any court . . . related to any cause of action against any DOCCS employee, DOCCS, or the State of New York which plaintiff believes has accrued prior to the execution of this Stipulation." Dkt. No. 182, at 4 (emphasis added). Based on the plain meaning of the unambiguous terms provided in the written Stipulation, the objective intent of the parties was to agree to a release of all claims against any DOCCS employee that accrued anywhere in the state prior to the execution of the Stipulation. See id.

Further, Barnes fails to plausibly demonstrate that he experienced duress during the Stipulation negotiations. Although Barnes contends that the undersigned rushed him into signing the Stipulation, he had adequate time to consider the agreement that was reached during the several-hour settlement negotiations. Despite Barnes's contention that he was rushed due to the undersigned's later commitment, such claim is disingenuous. The undersigned recalls that he traveled to Plattsburgh for mediation of two cases. The mediation proceeding in the other case took just ten minutes, allowing additional time for the mediation proceeding in the instant case. The settlement negotiations in this matter lasted over three and one half hours. The undersigned further recalls that he asked Barnes three times whether he understood the terms of the settlement or needed any assistance in understanding its effect, and that Barnes affirmatively indicated his understanding. Transcript (Dkt. No. 196, at 17). Barnes does not present any evidence that either

defendants' counsel or the undersigned indicated that a settlement must be reached that day or that there would have been any negative consequences had Barnes declined to settle. Even if Barnes's claim that he felt pressured to settle were supported by the record, a general claim that a party felt pressured by the court is insufficient to establish a claim for duress. See Duran v J.C. Refinishing Contracting Corp., 421 Fed. Appx. 20, 21 (2d Cir. 2011) (citing inter alia Shuler v. Dupree, 14 A.D.3d 548, 549 (2d Dep't 2005)).[5]

In sum, Barnes's current "change of heart" is insufficient to justify invalidating the otherwise unambiguous agreement negotiated by the parties. Duran, 321 Fed. Appx. 20, at (quoting Powell v. Omnicon, 497 F.3d 124, 129 (2d Cir. 2007) (internal quotation marks omitted).

C. **Rule 60(b)(6)**

To the extent that Barnes's motion can be interpreted as being brought under the catch-all clause of Fed. R. Civ. P. 60(b)(6), it is well settled that relief under this section is not available to a plaintiff where the basis for the Rule 60(b) motion may be construed under any other clause of Rule 60(b). See Liljeberg v. Health Servs. Acquisition Corp., 486 U.S. 847, 863-64 n. 11 (1988) (citing Klapprott v. United States, 335 U.S. 601, 613 (1949)). Barnes essentially argues that (1) he experienced duress because the undersigned rushed him into signing the Stipulation and (2) the terms of the Stipulation were misrepresented to

---

[5] The undersigned also notes that Barnes is experienced with litigation, filing several actions against DOCCS in both the Northern and Western Districts of New York. See Barnes v. Heberlein, et al., 99-CV-6366 CJS; Barnes v. Herbert, 01-CV-6448CJS(B); Barnes v. Alves, et al., 01-CV-6559-EAW; Barnes v. Wright, et al., 04-CV-164; Barnes v. Desotelle, et al., 05-CV-4; Barnes v. County of Monroe, et al., 10-CV-6164; Barnes v. Fischer, et al., 11-CV-583 (NAM/DEP); Barnes v. Prack, et al.,11-CV-857; Barnes v. Fischer, et al., 11-CV-1262; Barnes v. Fischer, 12-CV-1602; Barnes v. Fischer, et al., 13-CV-164.

7

him. Dkt. No. 191, at 3-5. Since these are the grounds that Barnes raised to support his motion under Rule 60(b)(3), the motion will not be separately construed under 60(b)(6) based on those same grounds.

### III. **Conclusion**

For the reasons stated above, it is hereby **RECOMMENDED** that plaintiff's motions to vacate or modify the Stipulation (Dkt. Nos. 183, 184, 187, 188, 190, and 191) be **DENIED**. Pursuant to 28 U.S.C. § 636 (b) (1), the parties may lodge written objections to the foregoing report. Such objections shall be filed with the Clerk of the Court "within fourteen (14) days after being served with a copy of the . . . recommendation." N.Y.N.D.L.R. 72.1(c) (citing 28 U.S.C. § 636 (b) (1) (B)-(C)).

**FAILURE TO OBJECT TO THIS REPORT WITHIN FOURTEEN DAYS WILL PRECLUDE APPELLATE REVIEW**. Roldan v. Racette, 984 F.2d 85, 89 (2d Cir. 1993); Small v. Sec'y of HHS, 892 F.2d 15 (2d Cir. 1989); 28 U.S.C. § 636(b)(1); Fed. R. Civ. P. 72, 6 (a), 6 (e).

Dated: October 30, 2014
       Albany, New York

*[signature: Christian F. Hummel]*
Christian F. Hummel
U.S. Magistrate Judge