UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF NEW YORK
++++++++++++++++++++++++++++++++++++++++++++++++++++++

**JESSIE J. BARNES,**

                            **Plaintiff,**

                 **-v-**                          **9:11-CV-583 (NAM/DEP)**

**BRIAN FISCHER; JOHN NUTTALL; C. MORRIS;
UNKNOWN LEMOND, Religious Services Program;
STEVEN BULLIS; DAVID A. ROCK; UNKNOWN
UHLER; UNKNOWN KELSH; E. GOKEY; T. ALLEN;
M. RICHARDSON; S. GARRISON; A. GRAVLIN;
UNKNOWN HAWK; MELISSA COOK; DAVID
MATTOON; R. CARON; R. LORDI; and ALBERT
PRACK,**

                            **Defendants.**

++++++++++++++++++++++++++++++++++++++++++++++++++++++

APPEARANCES:

JESSIE J. BARNES
09-B-2707
Upstate Correctional Facility
P.O. Box 2001
Malone, New York 12953
Plaintiff, *pro se*

HON. ERIC T. SCHNEIDERMAN, Attorney General of the State of New York
GREGORY J. RODRIGUEZ, ESQ., Assistant Attorney General
The Capitol
Albany, New York 12224
Attorney for Defendants

**Hon. Norman A. Mordue, Senior U.S. District Judge:**

## MEMORANDUM-DECISION AND ORDER

Presently before the Court is a Report-Recommendation and Order (Dkt. No. 197) by

United States Magistrate Judge Christian F. Hummel recommending denial of plaintiff's motions

(Dkt. Nos. 183, 184, and 187) to vacate or modify a Stipulation and Order of Discontinuance

("Stipulation") (Dkt. No. 182) entered into as a result of this district's Prisoner Mediation Program. Plaintiff objects (Dkt. No. 204). Given the breadth of plaintiff's objections, this Court conducts *de novo* review of the matters in issue. *See* 28 U.S.C. § 636(b)(1)(C). The Court adopts Magistrate Judge Hummel's summary of the background facts and applicable law, and does not repeat them here.

The Stipulation, signed on July 18, 2014 by plaintiff, Assistant Attorney General Bruce Boivin, Esq., and Magistrate Judge Hummel, includes provisions (1) that the settling defendant would pay plaintiff $4,925.00; (2) that plaintiff discontinued the instant action with prejudice; (3) that plaintiff would discontinue with prejudice the lawsuits *Barnes v. Prack*, 9:11-CV-857, and *Barnes v. Fischer*, 9:11-CV-1262, both pending in the Northern District; and (4) that plaintiff would not commence "any lawsuit in any court, state or federal, related to any cause of action against any DOCCS employee, DOCCS, or the State of New York, which plaintiff believes has accrued prior to the execution of this Stipulation." The last listed provision, set forth in paragraph 5(4) of the Stipulation, is now in dispute. Another of plaintiff's lawsuits, *Barnes v. Fischer*, 9:13-CV-164, was not affected by the Stipulation and remains pending in this district. In addition to the instant action and the three lawsuits cited above, plaintiff has also brought four other lawsuits in this district, all of which had been closed prior to the mediation and Stipulation in issue.[1]

On July 23, 2014, five days after entering into the Stipulation, plaintiff made a letter motion (Dkt. No. 183) requesting that the Stipulation be amended or that he be permitted to withdraw from it. He states that he "did not really scrutinize the fine print" of the Stipulation, and

---

[1] These actions were *Barnes v. Wright*, 9:04-CV-164, closed 07/01/05; *Barnes v. Desotelle*, 9:05-CV-04, closed 05/06/05; *Barnes v. Rock*, 9:11-CV-149, closed 08/06/12; and *Barnes v. Fischer*, 9:12-CV-1602, closed 12/20/12.

-2-

challenges paragraph 5(4) on various grounds. He requests that language be added to the paragraph 5(4) so that it would apply only to lawsuits "not already pending on the basis of the plaintiff['s] confinement at Upstate Correctional Facility in Malone, New York from December 27, 2009 thru July 18, 2014." On August 13, 2014, plaintiff moved again (Dkt. No. 184) for the same relief, stating that as a layman he "did not knowingly and voluntarily agree to such trickery application as set forth in Stipulation" and that "at no time did mediator Hon. Christian Hummel ... mention or suggest this stipulation will extend [to] include other facilities ... in another district of New York."

In response (Dkt. No. 186), the Attorney General states that he "made clear [defendants'] position that any settlement would require a 'global settlement' of pending litigation brought by plaintiff [in order] to 'clear the decks' of any potential litigation which may be commenced related to any cause of action which plaintiff believed had accrued prior to the date of the settlement." He adds: "The session involved protracted negotiation during which the defendants acquiesced to plaintiff's demand that the case *Barnes v. Fischer*, 13-CV-0164 would not be included in the global settlement and that he could continue to litigate that case." The docket contains a third motion (Dkt. No. 187) by plaintiff for the same relief as well as other submissions from plaintiff on the same topic (Dkt. Nos. 188, 190, 191, 195), including statements refuting Attorney Boivin's allegations, arguing that the Stipulation was ambiguous, and alleging that plaintiff was subjected to duress because Magistrate Judge Hummel had to leave by 3:30.

On October 6, 2014, Magistrate Judge Hummel held a teleconference with plaintiff and Assistant Attorney General Bruce Boivin, Esq. to discuss the motion. The transcript of this teleconference (Dkt. No. 196) indicates that plaintiff is primarily concerned with the effect of the

-3-

Stipulation on two excessive force claims which he alleges accrued on on December 24, 2012 and February 5, 2013, while he was incarcerated at Five Points Correctional Facility, in the Western District of New York. According to Attorney Boivin, during the negotiations, he and plaintiff discussed the fact that the proposed settlement would "clear[] the decks as to everything that had ever happened to [plaintiff]" and that plaintiff was "making a fresh start." Attorney Boivin added that plaintiff "finally indicated that [he] would settle the rest of [his] lawsuits but not [*Barnes v. Fischer*, 9:13-CV-164]." Plaintiff stated that he did not remember such conversations and that there had been no discussion of a "global settlement" and "clearing the deck." At the close of the teleconference, Magistrate Judge Hummel stated as follows:

> An additional thing I want to put on the is -- two things. One of his letters Mr. Barnes indicated that the Court rushed through this settlement with him. That's simply not true. We spent in excess of three and a half hours talking to Mr. Barnes and I drove to Plattsburgh to conduct two mediations, one of which lasted less than ten minutes which gave us the additional time to stay with Mr. Barnes. This mediation started early and well past three and a half hours.
>
> So to the extent that Mr. Barnes said it was rushed in some way, it was simply not true and the record should further reflect that on three separate occasions, while Mr. Barnes was reviewing the documents, I personally went in and spoke to him and said if you have any questions, I will answer them for you and he told me he understood everything completely.

In his objection (Dkt. No. 204) to the Report and Recommendation, plaintiff states that the parties entered into the Stipulation after "several hours of negotiation." He does not dispute that he participated in the mediation, that he was provided a copy of the Stipulation before signing it, that he read it, and that he signed it. He claims that Magistrate Judge Hummel told him, "This is your first and last chance to settle because it would never happen again so [you] had better take advantage of this settlement opportunity[,]" thus creating "duress, pressure, stress strain and

-4-

overwhelming anxiousness for plaintiff to sign this ambiguous document."

The Court finds that paragraph 5(4) is unambiguous. In full, it provides that, following the execution of the Stipulation and its being ordered by the Court, " plaintiff agrees not to commence *any* lawsuit *in any court*, state or federal, related to *any* cause of action against any DOCCS employee, DOCCS, or the State of New York, which plaintiff believes has accrued prior to the execution of this Stipulation." (Emphasis added.) Even to a layperson such as plaintiff, these words have "a definite and precise meaning, unattended by danger of misconception in the purport of the [Stipulation] itself, and concerning which there is no reasonable basis for a difference of opinion." *Law Debenture Trust Co. of N.Y. v. Maverick Tube Corp*., 595 F.3d 458, 467 (2d Cir. 2010) (citations and quotation marks omitted). "Language whose meaning is otherwise plain does not become ambiguous merely because the parties urge different interpretations in the litigation, unless each is a reasonable interpretation." *Id*. (citations and quotation marks omitted). Plaintiff does not urge a reasonable interpretation of the Stipulation, and the Court finds no ambiguity. In the absence of ambiguity, plaintiff's subjective intent is irrelevant, and the Court interprets the contract according to the plain meaning of its terms. [2] *See id.*; *Hunt Ltd. v. Lifschultz Fast Freight, Inc*., 889 F.2d 1274, 1278 (2d Cir. 1989)). As a matter of law, by its terms the Stipulation unambiguously covers all of plaintiff's potential causes of action against the specified defendants accruing during the specified time period, not just those stemming from his confinement at Upstate Correctional Facility in Malone, New York.

---

[2] Although plaintiff argues that the Stipulation did not reflect a meeting of the minds, such an argument applies only where a contract is ambiguous. *See, e.g., Summit Health, Inc. v. APS Healthcare Bethesda*, 993 F.Supp.2d 379, 397 (S.D.N.Y. Jan. 24, 2014) ("The defense [of no meeting of the minds] fails, and the subjective intent of the parties is irrelevant, if the contract is unambiguous.") (citing *Hunt Ltd. v. Lifschultz Fast Freight, Inc*., 889 F.2d 1274, 1278 (2d Cir. 1989)).

With respect to plaintiff's contention that he should be relieved from the Stipulation based on fraud, misrepresentation, or misconduct, *see* Fed. R. Civ. P. 60(b)(3), plaintiff has not alleged facts that would warrant such relief. Therefore, it is not necessary to hold a hearing to resolve factual disputes in the record. Despite his use of conclusory words such as "trickery" and "underhanded," plaintiff's allegations do not support a finding that he was induced to sign the Stipulation through fraud, misrepresentation, or misconduct. There is nothing in the Stipulation itself to suggest that paragraph 5(4) applies only to cases pending in the Northern District or stemming from plaintiff's incarceration at Upstate Correctional Facility, nor does plaintiff allege that Attorney Boivin or Magistrate Judge Hummel told him that it applied only to such cases. Plaintiff's allegations to the effect that he had an unstated belief that paragraph 5(4) meant something different from its plain, unambiguous terms is not a ground for relief. Further, there is no support for a finding that plaintiff signed the Stipulation as a result of duress. Even accepting that, as plaintiff states, Magistrate Judge Hummel told him it was his only chance at settlement, this does not constitute duress, because plaintiff was free to decline settlement and to proceed with his lawsuits. In addition, it is significant that plaintiff was able to negotiate a settlement that left one of his lawsuits still pending. Clearly, plaintiff actively participated in negotiations, exercised bargaining power, and was aware that one or more claims could be excepted from the settlement.

The Court recognizes that plaintiff is an inmate representing himself *pro se*. He has, however, litigated a number of cases and has demonstrated an adequate understanding of the law. In explaining why he signed the Stipulation, plaintiff states that he "did not really scrutinize the fine print[.]" Paragraph 5(4) is not, however, "fine print"; rather, it is one of a fairly small

number of provisions in a fairly short document. The challenged provision is short, clear, and unambiguous, and is set forth in a separately-numbered subparagraph that is only three lines long. Even *pro se* litigants are required to read documents before signing them and will not be permitted to change their minds later.

Upon *de novo* review of all the issues raised in this motion, the Court finds that plaintiff has not demonstrated his entitlement to relief under Fed. R. Civ. P. 60(b)(3). Nor has he shown any basis for relief under Fed. R. Civ. P. 60(b)(6) or on any other ground.

It is therefore

ORDERED that the Report-Recommendation and Order (Dkt. No. 197) of United States Magistrate Judge Christian F. Hummel is accepted; and it is further

ORDERED that plaintiff's motions (Dkt. Nos. 183, 184, and 187) are denied; and it is further

ORDERED that the Clerk of the Court is directed to serve copies of this Memorandum-Decision and Order in accordance with the Local Rules of the Northern District of New York.

IT IS SO ORDERED.

Date: January 27, 2015
Syracuse, New York

Norman A. Mordue
Senior U.S. District Judge